By the Court.
Pursuant to Section 562, Municipal Code, as amended March 20, 1873 (70 Ohio Laws, 83), the village advertised for bids for building a town hall according to plans and specifications. On July 15, 1873, the council ordered that the bid of Hughes “be accepted and the job awarded to him.” Both parties supposed that a contract remained to be executed, and each caused one to be drawn up. Notice, specifications, bid and acceptance were silent as to times and terms of payment, and as to superintendence. The specifications called for timber and lumber “ of good, sound quality,” and for “ thoroughly seasoned” flooring. Hughes’ draft allowed him to use “ kiln dried lumber,” named one Johnson as superintendent, and provided for payments at such times and in such installments as suited him. The council’s draft required that “ all lumber should be well seasoned; ” named other superintendents, and made other stipulations as to times and installments for the payments; it also denied payments for any extras. Each refused to execute the other’s draft of contract, and on August 5, 1873, the council indefinitely postponed the building of the town hall. Hughes never offered to execute any contract limited to the terms expressed and implied by the notice, plans and specifications, bid and acceptance. He sued for damages for alleged breach of contract, but the verdict and judgment were for the village.
*340 Meld: 1. Said Section 562 (70 Ohio Laws, 83), contemplated that after a bid had been accepted, a contract between the bidder and the village would be “ entered into.”
2. The acceptance of a bid legally made under said section only gave to the bidder a right to a contract embracing the stipulations expressed or implied in the records, or files relating to the improvement, including amongst them the notice, the plans and specifications, the bid and the resolution of acceptance. See Commissioners v. Rhoades, 26 Ohio St., 411.
3. As Hughes never offered to execute such a contract, and the village did not waive its execution, he had no right of action.

Judgment affirmed.